# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | | |
|---|---|---|
| Miguel Ruiz Enriquez, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 7:20-cv-00060 |
| v. | § § | COLLECTIVE ACTION |
| ProPetro Services, Inc., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Miguel Ruiz Enriquez ("Plaintiff" or "Enriquez"), on behalf of himself and all others similarly situated, hereby files this Original Collective Action Complaint against Defendant ProPetro Services, Inc. ("Defendant" or "ProPetro"), respectfully showing in support as follows:

### I.     INTRODUCTION AND NATURE OF ACTION

1.     This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively, "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek.

2.     Plaintiff files this lawsuit on behalf of himself and as a collective action under the FLSA on behalf of all other similarly situated individuals who worked for Defendant as hourly paid workers without receiving time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3. Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES

### A.     Plaintiff Miguel Ruiz Enriquez

4. Plaintiff Miguel Ruiz Enriquez is an individual residing in Midland County, Texas. He has standing to file this lawsuit.

5. Plaintiff worked for Defendant from on or about June of 2019 through on or about January of 2020 as an hourly-paid employee.

6. Plaintiff's written consent to participate in this action is attached to this Complaint as Exhibit A.

### B.     Putative Collective Action Members

7. The putative Collective Action Members are all current and former hourly-paid employees of Defendant ProPetro Services, Inc., who were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek due to Defendant's failure to include remuneration designated as per diem pay.

8. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### C.     Defendant ProPetro Services, Inc.

9. Defendant ProPetro Services, Inc. ("ProPetro") is a corporation formed in Texas doing business in the state of Texas.

10. Defendant's principal place of business is 1706 S. Midkiff Road; Midland, Texas 79701.

11.  Defendant may be served in Texas through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900; Dallas, TX 75201.

12.  At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

13.  At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

14.  At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III.   JURISDICTION AND VENUE

15.  This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331.

16.  The United States District Court for the Western District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Texas and in this District.

17.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### IV.   FACTUAL BACKGROUND

18.  Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

19.  According to its website, Defendant is an "oilfield services company providing hydraulic fracturing and other complementary services to leading upstream oil and gas

companies engaged in the exploration and production, or E&P, of North American unconventional oil and natural gas resources.[1]

20. Plaintiff was an hourly paid employee of Defendant who worked as a frac operator in connection with Defendant's business operations centered out of Midland, Texas. Plaintiff routinely worked in excess of 40 hours in a seven-day workweek.

21. Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA. Plaintiff was paid by means of an IRS Tax Form W-2. When Plaintiff worked more than 40 hours per seven-day workweek, he was entitled to receive overtime premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

22. In addition to receiving hourly pay, Plaintiff also received additional remuneration in the form of so-called "per diem" pay.

23. Although Defendant paid Plaintiff overtime compensation for his hours of work at one and one-half times his hourly rate of pay, Defendant failed to include all remuneration, *i.e.*, so-called "per diem" pay, as required by the FLSA in calculating Plaintiff's regular rate of pay. This resulted in Plaintiff not being paid all overtime premium compensation owed by Defendant.

24. Plaintiff worked with numerous other hourly-paid employees of Defendant who similarly routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration in the form of so-called "per diem" pay in addition to their hourly pay, and did/do not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration required by the FLSA in their respective regular rates of pay.

---

[1] *See* About, https://www.propetroservices.com/about (last visited Mar. 10, 2020).

## V.    FLSA CLAIMS

25.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.    FLSA Coverage

26.    All conditions precedent to this suit, if any, have been fulfilled.

27.    At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

28.    At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to § 203(s)(1).

29.    At all times relevant to this lawsuit, Defendant has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. For instance, Plaintiff and the putative Collective Action Members worked in connection with hydraulic fracturing of oil and/or natural gas for later refinement and sale to end consumers.

30.    At all times relevant to this lawsuit, Defendant has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include tools, vehicles, equipment and supplies/materials used in connection with hydraulic fracturing operations.

31.    At all times relevant to this lawsuit, Defendant has had gross operating revenue or business volume in excess of $500,000.

**B.     FLSA Allegations**

32.     The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid employees of Defendant.

33.     At all relevant times, Plaintiff and the putative Collective Action Members were non-exempt, hourly-paid employees of Defendant pursuant to the FLSA.

34.     During the relevant time period, Plaintiff and the putative Collective Action Members did not receive all overtime premium pay to which they were entitled because Defendant did not include all remuneration when calculating their respective regular rates of pay in seven-day workweeks when they worked more than forty hours. As a result, Plaintiffs did not receive all overtime premium pay to which they were entitled.

35.     This failure of Defendant to pay all due and owing overtime premium pay was a violation of the FLSA.

**C.     Collective Action Allegations**

36.     Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all current and former hourly-paid employees of Defendant ProPetro who received so-called per diem pay that was not included in their respective regular rates of pay when calculating due and owing overtime wages in workweeks when they worked over forty hours, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

37.     On information and belief, the class of putative Collective Action Members consists of hundreds of individuals who performed the same job duties as Plaintiff on behalf of Defendant in Texas and throughout the country.

38. Plaintiff has actual or constructive knowledge that putative Collective Action Members have been denied overtime premium pay for all hours worked over forty in a workweek. Plaintiff worked with other hourly-paid workers who were employed by Defendant. This resulted in personal knowledge of the treatment of those co-workers. Furthermore, other hourly-paid workers of Defendant have shared with Plaintiff that they experienced similar pay violations as those described in this Complaint.

39. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis without receiving all due and owing overtime premium wages due to Defendant's failure to include so-called per diem pay in their respective regular rates of pay when calculating overtime wages.

40. The putative Collective Action Members regularly work or have worked in excess of forty hours in a workweek.

41. Defendant's failure to pay all due and owing overtime wages for all hours Plaintiff and the putative Collective Action Members worked over forty in a workweek results from generally applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Action Members.

42. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

43. Although the exact amount of damages may vary among the putative Collective Action Members, the damages owed to them are easily calculable using a simple formula uniformly applicable to all of them.

44. Plaintiff proposes that the class of putative Collective Action Members be defined as:

**all current and former hourly-paid employees of Defendant ProPetro who were not paid all overtime compensation owed for all hours worked over forty in each and every workweek due to Defendant's failure to include all remuneration required by the FLSA,** *i.e.* **so-called "per diem" pay in their respective regular rates of pay within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.**

45. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

46. Plaintiff further reserves the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI. CAUSES OF ACTION

**A.** **First Claim for Relief – Violation of the FLSA, Failure to Include All Remuneration in the Regular Rate of Pay. 29 U.S.C. § 207(e).**

47. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

48. The foregoing conduct, as alleged, violated the FLSA.

49. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

50. Defendant was required to include all remuneration in the regular rate of pay when calculating overtime premium pay. 29 U.S.C. § 207(e).

51. Defendant paid so-called "per diem" pay to Plaintiff and the putative Collective Action Members that was not reasonably tailored to their actual expenses incurred due to their work for Defendant.

52. Defendant failed to include this non bona fide "per diem" pay in Plaintiff and the putative Collective Action Members' respective regular rates of pay, because it did not pay any overtime premium pay to its control systems engineer employees.

53. Plaintiff seeks all damages to which he and the putative Collective Action Members are entitled under the FLSA on the bases of Defendant's willful failure to pay include all remuneration in Plaintiff and the putative Collective Action Members' respective regular rates of pay, including back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.   JURY DEMAND

54. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members have a right to jury trial.

## VIII.   DAMAGES AND PRAYER

55. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

   b. An award of damages including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

   c. Costs of action incurred herein, including expert fees;

   d. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

   e. Post-judgment interest; and

   f. Such other relief as the Court may deem just and proper.

Dated: March 10, 2020

        Respectfully submitted,

        SHELLIST | LAZARZ | SLOBIN LLP

By:    s/Melinda Arbuckle
        Melinda Arbuckle
        State Bar No. 24080773
        marbuckle@eeoc.net
        Ricardo J. Prieto
        State Bar No. 24062947
        rprieto@eeoc.net
        Shellist Lazarz Slobin LLP
        11 Greenway Plaza, Suite 1515
        Houston, TX 77046
        (713) 621-2277 – Telephone
        (713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS